J-S10005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS VIERECK | |
| Appellant | No. 656 EDA 2015 |

Appeal from the Judgment of Sentence February 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004891-2012;
CP-51-CR-0014314-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:           **FILED FEBRUARY 08, 2016**

Appellant, Thomas Viereck, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On January 3, 2011, Appellant pled guilty to Aggravated Assault and Possession of an Instrument of Crime (PIC) before the [c]ourt and was sentenced to four to twenty-three months['] confinement followed by three years of probation.[1]  On February 16, 2011, a motion for parole was filed and on March 14, 2011, the motion was granted. Subsequently, Appellant left the jurisdiction and a warrant for his arrest was issued.  At the July 15, 2011 hearing, Appellant's parole was revoked and he was re-sentenced to four to twenty-three months['] confinement followed by three years of probation to run concurrently on both

_____

*Retired Senior Judge assigned to the Superior Court.

convictions and he was ordered to be supervised under the Mental Health Unit. On October 11, 2012, Appellant pled guilty to Assault by Prisoner[2] before the [c]ourt and was sentenced to eleven and one half to twenty-three months['] incarceration followed by two years of probation. At the hearing, Appellant was also found in direct violation of probation on his original case and was sentenced to eleven and one half to twenty-three months['] confinement followed by two years of probation to run concurrently with credit for time served on both convictions and was immediately paroled to a treatment facility. He was also formally entered into Mental Health Court (MHC). As is the procedure in MHC, Appellant was scheduled for status of mental health and treatment hearings at regular intervals to monitor his compliance and progress.

[1] 18 Pa.C.S.[A.] § 2702(a), 18 Pa.C.S.[A.] § 907(a); the first conviction was graded as [an] F2 and the second as [an] M1.

[2] 18 Pa.C.S.[A.] § 2703(a); the conviction was graded as an F2.

At the June 27, 2013 hearing, it was reported that on May 25, 2013, Appellant absconded from his treatment program at Girard Medical Center and was arrested for absconding on June 7, 2013. The [c]ourt ordered the detainer to remain and the case was continued. At the July 18, 2013 hearing, Appellant's probation was revoked on both cases and he was sentenced to eleven and one half to twenty-three months['] confinement to run concurrently with credit for time served followed by three years of probation on each conviction. On February 19, 2014, Appellant was transported to yet another treatment facility, Gaudenzia New Beginnings. At the June 10, 2014 hearing, it was reported that Appellant absconded from his treatment program on April 12, 2014, a mental health evaluation was ordered and the case was continued pending the outcome of the evaluation. At the July 10, 2014 hearing, Appellant was found to be competent per the report, but the hearing was continued to allow time to determine if additional placements were available. From July 31, 2014 to September 25, 2014, three hearings were continued pending the results of [an] FIR evaluation. On

October 30, 2014, a violation of probation hearing was conducted and Appellant was found to be in technical violation for absconding from the program. Appellant's probation was revoked on both cases and he was sentenced to eleven and one half to twenty-three months['] confinement with credit for time served followed by eight years of probation on the Aggravated Assault and Assault by Prisoner convictions[,] and was sentenced to five years of probation to run concurrently on the PIC conviction. He was immediately paroled to yet another treatment facility, Gaudenzia Together House. At the December 11, 2014 hearing, Appellant failed to appear and it was reported that he once again absconded from his program on November 27, 2014. At the December 23, 2014 hearing, the [c]ourt ordered a forthwith mental health evaluation for the purposes of determining a diagnosis, a treatment plan and whether Appellant was competent. At the January 8, 2015 hearing, it was reported that…Appellant was competent, but the case was continued. On February 5, 2015, after a violation hearing, Appellant's probation was revoked on both cases and he was sentenced to [terms of] four [(4)] to ten [(10)] year[s'] confinement on the Aggravated Assault and Assault by Prisoner convictions to run concurrently with credit for time served.[1] On February 17, 2015, Appellant filed a motion to reconsider sentence and it was denied on February 20, 2015.

(Trial Court Opinion, filed May 8, 2015, at 1-3). Appellant filed a timely notice of appeal on March 6, 2015. On March 26, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). The court entered a new order on April 20, 2015, extending the time for Appellant to file a Rule 1925(b) statement until April 24, 2015. Appellant timely filed a Rule 1925(b) statement that same day.

---

[1] The court imposed no further penalty for Appellant's PIC conviction.

Appellant presents the following issues for our review:

> DID THE [TRIAL] COURT VIOLATE THE TENETS OF THE SENTENCING CODE, WHICH MANDATE INDIVIDUALIZED SENTENCING, AND IMPOSE AN EXCESSIVE SENTENCE OF FOUR TO TEN YEARS['] TOTAL CONFINEMENT FOR A TECHNICAL VIOLATION OF PROBATION?
>
> BECAUSE OF PRIOR SENTENCES IMPOSED ON THE SAME INFORMATIONS, DID NOT THE [TRIAL] COURT IMPOSE[] A MAXIMUM SENTENCE—TEN YEARS—THAT EXCEEDS THE STATUTORY MAXIMUM—TEN YEARS?

(Appellant's Brief at 3).

In his first issue, Appellant argues the court failed to impose an individualized sentence with consideration of all relevant sentencing factors. Appellant contends the court failed to order a pre-sentence investigation ("PSI") report and to consider Appellant's rehabilitative needs in light of his history of mental health and substance abuse issues. Appellant asserts the court's sentencing decision was based on nothing more than Appellant's repeated technical violations of parole and probation. Appellant concludes his revocation sentence was excessive, and this Court should vacate his judgment of sentence and remand for resentencing. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Carrillo-Diaz*, 64 A.3d 722 (Pa.Super. 2013) (stating claim that sentencing court erred when it imposed sentence without ordering PSI report challenges discretionary aspects of sentence); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-*

*Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that court did not consider certain mitigating factors challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913.

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the

sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id. See, e.g., Carrillo-Diaz, supra* (stating defendant's contention that court failed to order PSI report, or alternatively to give reason on record for not ordering report, presented substantial question); *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (stating defendant raised substantial question with respect to claim that revocation sentence was excessive in light of underlying technical probation violations). An allegation that the sentencing court failed to consider a specific mitigating factor, however, generally does not raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321 (Pa.Super. 2006). Following the

revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal*

*denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id. See also Carrillo-Diaz, supra*** (explaining where revocation court presided over defendant's no-contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, to the extent Appellant complains the court did not adequately consider specific mitigating factors, such as Appellant's mental health issues, substance abuse, and rehabilitative needs, this allegation fails to raise a substantial question. ***See Berry, supra***. Nevertheless, Appellant's claim that his sentence was excessive in light of his technical violations of probation does present a substantial question warranting review. ***See Malovich, supra***. To the extent Appellant argues the court failed to order a PSI report without explanation, that claim also raises a substantial question. ***See Carrillo-Diaz, supra***.

At sentencing, the court provided the following rationale for the revocation sentence imposed:

> [J]ust the need to really emphasize the number of opportunities that you've been given in this program, particularly for an individual. You did wait quite a long time for a program. And as that individual who waits for a long period, that I truly expect will take full advantage of the opportunities of the services of their resources. But

- 8 -

what I don't expect is that you will leave and you did that time and time again.

Yeah, there may have been a couple of times when you were on target, but generally speaking, four previous violations hearings, this is the fifth. I asked for one case. Certainly, there are opportunities where I could have sent you to the state sooner, yet I continued to give you chances to want to work with you. And, again, by your actions, you've indicated that you don't want the services. And, consequently, I think services will be better provided for you in a state facility.

So in order to vindicate the authority of this [c]ourt, the fact that this is the fifth violation on one case and the third violation, I think, on the other matter—you have been given other sanctions. I think, previously in this program, you failed to appear in this [c]ourt, but I will not do a separate contempt hearing for that. I will incorporate all that into one sentence—so as to each of these cases today, where I found you to be in violation, I will sentence you to 4 to 10 years of incarceration.

(N.T. Sentencing, 2/5/15, at 15-16). In its Rule 1925(a) opinion, the court

further stated:

The [c]ourt sentenced Appellant to four to ten years['] incarceration to run concurrently with credit for time served, which was far shorter than the possible 25 years['] incarceration to which…Appellant was exposed. Furthermore, the evidence at the revocation hearing showed that Appellant absconded from the Gaudenzia program on November 27, 2014 and…Appellant failed to appear at the December 11, 2014 hearing[,] which resulted in a bench warrant. Appellant's probation [o]fficer also reported that Appellant had four prior violations of probation on his first case and two prior violations on his second case. The [c]ourt noted that Appellant was given numerous opportunities to avail himself of the services provided while under the supervision of Mental Health Court, but chose not to participate. In total, Appellant absconded from three different treatment facilities while under the [c]ourt's supervision. Therefore, considering

that the sentence was far less than the maximum penalty available,… Appellant's history of non-compliance with conditions of his supervision and the [c]ourt's consideration of…Appellant's lack of interest in the services provided for his rehabilitative needs, the sentence was not unreasonable.

\* \* \*

Finally, the [c]ourt complied with Pa.R.Crim.P. 702, which requires that a court order a PSI or state on the record its reasons for not ordering one. …

Here, Appellant had been under the [c]ourt's supervision since January 3, 2011 and has been enrolled in MHC since October 11, 2012. As part of MHC, Appellant was subject to regular status hearings where reports concerning his progress in treatment were provided. Furthermore, the [c]ourt was in possession of mental health evaluations conducted on June 30, 2014 and December 31, 2014 as well as 19 reports from Appellant's probation officer dating back to June[] 2011. This information enabled the [c]ourt to make a determination of the circumstances of Appellant's offense and character, and give individualized consideration to Appellant's needs at sentencing. Therefore, the [c]ourt had sufficient information to substitute for the PSI when fashioning an individualized sentence for Appellant.

(Trial Court Opinion at 4-6). We see no reason to disturb the revocation court's sentencing decision on the grounds stated. The court also presided over Appellant's guilty plea hearings, original sentencing, and previous resentencing hearings. The court supervised Appellant in MHC and was aware of Appellant's individual needs and circumstances, which obviated the need for a PSI report. The court repeatedly gave Appellant opportunities to take advantage of rehabilitative services and avoid incarceration. Appellant, however, repeatedly rejected those opportunities and failed to comply with

the terms of his probation or parole. The record as a whole makes clear the court was aware of and considered the relevant sentencing factors, and the sentence imposed was not excessive. *See Carrillo-Diaz, supra*; *Crump, supra*. Therefore, Appellant is not entitled to relief on his discretionary aspects of sentencing claim. *See Hoover, supra*.

In his second issue, Appellant argues his concurrent sentences for the aggravated assault and assault by prisoner convictions exceed the statutory maximum of ten years applicable to each of those offenses. Appellant contends the ten-year term of incarceration he received for each conviction rises above the statutory maximum when combined with the time he spent incarcerated for previous parole or probation violations on the same offenses. Appellant concludes the court imposed an unlawful sentence. We disagree.

The issue of whether a sentence is illegal is a question of law and our scope of review is plenary. *Crump, supra*. An illegal sentence is subject to correction and must be vacated. *Commonwealth v. Watson*, 945 A.2d 174, 178-79 (Pa.Super. 2008). Assuming proper jurisdiction, the legality of a sentence is a non-waivable claim, and this Court can raise the issue *sua sponte*. *Commonwealth v. Edrington*, 780 A.2d 721 (Pa.Super. 2001).

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years['] probation. However, in a situation where probation is revoked on a

split sentence, …a defendant is not entitled to credit for time spent on probation. Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum.

*Crump, supra* at 1283-85 (internal citations omitted). Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). "As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal." *Crump, supra* at 1285.

Aggravated assault is a felony of the second degree under subsections (a)(3)-(a)(8) of the aggravated assault statute. *See* 18 Pa.C.S.A. § 2702(b) Assault by prisoner is also a second-degree felony. *See* 18 Pa.C.S.A. § 2703. The statutory maximum term of imprisonment for a second-degree felony is ten years. *See* 18 Pa.C.S.A. 106(b)(3).

Instantly, as a preliminary matter, Appellant did not raise his illegal sentence issue in his Rule 1925(b) statement. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (stating any issue not raised in Rule 1925(b) statement will be deemed waived for appellate review). Nevertheless, Appellant's illegal sentence claim is nonwaivable. *See Edrington, supra*. Therefore, we will address it on the merits.

Following Appellant's most recent probation violation, the court

resentenced Appellant to concurrent terms of four (4) to ten (10) years' incarceration for his aggravated assault and assault by prisoner convictions. Appellant previously spent time incarcerated for those offenses. The court, however, gave Appellant credit for time served while incarcerated. Additionally, Appellant was not automatically entitled to credit for the time he spent on parole or probation. *See Crump, supra*. Both aggravated assault and assault by prisoner were graded as second-degree felonies. Factoring in Appellant's credit for time served, neither of Appellant's new sentences exceeded the ten-year statutory maximum applicable to each offense. *See* 18 Pa.C.S.A. 106(b)(3). Therefore, Appellant's sentence is lawful in its entirety. *See Crump, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2016